## INTERNATIONAL AND GREAT NORTHERN R'Y VS. W. W. TERRY.

### IN SUPREME COURT, TYLER TERM, 1884.

*Common Carrier—Liability—Damages.*—A common carrier, violating its contract of carriage, is responsible in damages to the passenger for the discomfort, inconvenience, sickness, expense, cost and charges which are shown to be the direct, proximate, natural and probable result of the carrier's breach of duty.

*English Rule.*—The English rule upon this subject is held to be too narrow and restricted.

*Case Approved.*—H. & T. C. R. R. Co. vs. Rand, decided by the Court of Appeals of Texas. (See W. & W. Con. Rep., sec. 255.)

Appeal from Milam county.

This will not permit of our entering into an extended considera-

tion, discussion and comparison of the many authorities bearing on the interesting question now before us with a view of determining with entire precision, what, under the facts of this particular case, is the true rule by which the jury should be guided in ascertaining the amount of damage, if any, sustained by the appellee for which the appellant is legally liable.

We have, however, given the case a great deal of consideration and have examined very carefully all the authorities on the subject that we have access to at this point. In this investigation we have been greatly aided by the carefully prepared brief of the able and experienced counsel representing tha appellant.

We must, however, under the circumstances, content ourselves in disposing of the questions raised by the assignments of error, with stating that we believe the district court committed no serious error in holding that the pleadings of the appellee as finally amended, presented, in substance, in a sufficiently intelligible manner, (though not as clearly and distinctly as should have been done) a good cause of action against the appellant for the damages claimed.

The charge of the court, taken as a whole, cannot be said to be erroneous, and fairly enough presented to the consideration of the jury the main issues in the case. Nor was there error in refusing the instructions asked by the appellant under the facts and circumstances of the case as developed by the evidence.

In the examination of the question raised much attention has been given to the case of Hobbs vs. L. S. & W. R. R. Co. (10 Q. B. Ill.) and also to the case of the Indianapolis, etc. R. R. Co. vs. Birney, (71 Ill. 391.) The well considered case of Walsh vs. Chic. M. & St. Paul R. R. Co., (42 Wisc. 23) as well as other kindred authorities bearing directly on the immediate question under consideration have also been examined. Much attention has also been given to the discussion of the rule in Harly vs. Baxendale, (9 Exch. 341 ; S. C. 26 Eng. L. & E. R. 398; see Sedgwick on Meas. of Dam. (17 ed.) Vol. 1, pages 122 & 213--230 et seq.)

As before stated, after as full and as careful a consideration of the subject as we have been able to give it, we have come to the conclusion that the English rule laid down in the above cases, and others following them, is too narrow and restricted and that a more liberal one in estimating the damages in this class of cases should be applied. We believe that in cases of this character now under con-

sideration, that the just and proper rule is, that the appellant having unquestionably violated its contract of carriage with the appellee, should be held responsible in damages to him for the discomfort, inconvenience, sickness, expense, costs and charges which are shown by the evidence in this case to have been the direct, proximate, natural and probable result of the appellant's breach of duty. In this view of the subject we are sustained by the following cases : Brown vs. Chicago, etc. R. R. Co. (54 Wis. 343), Klein vs. Jewitt, (26 N. J. Eq. 474;) Matteson vs. N. Y. etc. R. R. Co., (62 Barb. 364;) Memphis, etc. R. R. Co. vs. Whitfield, (44 Miss. 466;) Spicer vs. Chicago, etc. R. R. Co. (29 Wisc. 580;) Hearn vs. McCaughan, (32 Miss. 17 ;) Weed vs. Panama R. R. Co. (17 N. Y. 363.) To these many other cases could be added to the same effect.

In the recent wo:k of Southerland on Damages (Vol. 1, pages 78, 102, 103), published during the present year, the author, after discussing the rule as to the measure of damages in cases like the one now under consideration and reviewing the more recent authorities, states that the rule laid down in Hobbs vs. L. & S. W. R. R. Co., cited above, is considered now at this day "too strict" to be applied to cases like the present. He also, in this connection, criticises very properly the views announced in that case, as to what are "*secondary consequences*," and what matters may be properly considered as "*the result of the breach*" of the contract of carriage. After reviewing quite fully the more recent authorities, he announces, as gathered from their consideration, the better rule to be, that in this class of cases, where the sickness, injury, or discomfort is the direct or the proximate consequence of the wrongful act, the resulting pain and suffering are also elements of the injury for which compensation may be rightfully demanded.

On this same subject also, Field, in his revised edition of his work on damages, (page 343) observes, "Where there was an agreement to take a passenger at a certain point and a failure on the part of the carrier to stop at that point, and in consequence thereof the passenger suffers *great bodily exposure*, these facts may be shown in aggravation of the damages sustained.

In this connection too the case of Williams vs. Vanderbilt, (23 N. J. 217) may also be examined, and will be found to fully sustain the views here expressed, as applicable to the class of cases like the one under consideration.

This question too has been carefully considered by our own court of appeals, and the rule as to the measure and elements of damage in this character of suit was laid down by them very clearly in accordance with the above cited authorities, and in harmony with the views herein expressed on that subject. (See the interesting case of H. & T. C. R. R. Co. vs. Rand, W. & W. Con. Rep. Sec. 255.)

Under all the circumstances and facts of this case, as before stated, we are of the opinion that the pleadings of the appellee, as finally amended, set forth fairly enough a good cause of action and a proper case for the character of damages demanded.

We do not consider the objection raised to the introduction in evidence of the testimony of the physicians Drs. Anthony and Threat as well taken. As a matter of fact too it appears from the record that a Dr. Threat was the first physician who was in actual attendance on the appellee. It would have been more satisfactory perhaps to have had before the jury the evidence of the. other attending physician, Dr. Horton- The record shows, however, that he was prevented from testifying by sickness at the time of the trial. Under the circumstances the admission of the evidence of Dr. Antony worked no injury to the appellant and was, we think, competent evidence as to the matters to which he testified.

The Texas cases cited by the appellant have all been carefully examined and are not believed to contain anything at variance with the views herein expressed, as applied to the special case in hand.

The judgment of the district court is affirmed.

West, J.